## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLORIA GARCIA-VAZQUEZ, et. al. | * |
| | * |
| Plaintiffs | * |
| | *  Civil No. 97-1313(SEC) |
| v. | * |
| | * |
| FRITO LAY SNACKS CARIBBEAN, INC., et. al. | * |
| | * |
| Defendants | * |

## OPINION AND ORDER

Pending adjudication before the Court are several motions filed by the Defendants concerning the failure of Dr. Luis A. Sánchez-Rafucci, Plaintiff's psychiatrist, to produce a complete copy of Plaintiff's psychiatric record at his deposition, despite various subpoenas and court orders to that effect. **(Dockets ## 97, 102)**. On February 8, 2001, the Court held an ex-parte conference in Chambers with Dr. Luis A. Sánchez-Rafucci and his attorney, Elisa Bobonis-Lang. (See Ex-Parte Conference Minutes). At said conference, the Court examined the complete and unaltered record of Plaintiff's psychiatric sessions with Dr. Sánchez-Rafucci, and found that the deleted sections of Plaintiff's psychiatric record are not discoverable. Accordingly, Defendants' motions to compel, for an order to show cause, and for the dismissal of all of Plaintiff's claims to mental damages, **(Dockets #97, 102)**, are **DENIED**. The legal basis for the Court's findings are expressed below.

### I. Background

The issue before the Court is whether Plaintiff waived her privileged rights over specific sections of her psychiatric record, by filing the above-captioned case. The Plaintiff has maintained her claim to privilege over those specific sections all throughout the proceedings, therefore the right




**Civil No. 97-1313(SEC)**                                                                 2

to privilege has not been waived by reason of disclosure.[1] The Court must rule however, on the issue of whether or not the Plaintiff in fact waived the privilege by putting her mental condition at issue.

Plaintiff's complaint only claims "deep mental pain and emotional distress" as a consequence of the alleged harassment and hostile work environment to which she was subjected. (Docket # 1 ¶¶ 5.11, 7.9, 9.3, 10.3, 12.5-12.6). On those grounds, the Defendants sought discovery of Plaintiff's psychiatric record. (See Docket # 58 ¶ 11). Indeed, it is widely recognized that "[t]here is no question that by asserting a claim for emotional distress [plaintiff] has placed her mental and emotional condition in issue and that the defendants are entitled to records concerning any counseling she may have received." Urgent Motion to Compel . . . . at 4 (quoting Smith v. Logansport Comm. School Corp., 139 F.R.D. 637, 649 (N.D. Ind. 1991)), (Docket # 58). That is one of the classic examples of tacit waiver. Id. at 5 (citing Vann v. Lone Star Steakhouse & Saloon, 967 F.Supp. 346, 350 (C.D. Ill. 1997; Topol v. Trustees of U. of Pa., 160 F.R.D. 476, 477 (E.D.Pa. 1995); Price v. County of San Diego, 165 F.R.D. 614, 622-23 (S.D. Cal. 1996)); see also, Sarko v. Penn-Del Directory Co., 170 F.R.D. 127 (E.D. Pa. 1997).

---

[1] There are a number of ways for a patient to waive the [psychiatrist-patient] privilege. A patient could explicitly waive it. It is also possible to waive the privilege through disclosure. That is, if a patient uses the privileged material as evidence herself, she may not then contend that the material is privileged. It is a more complicated theory of waiver, however . . . [when the] Defendants argue that by seeking damages for emotional distress, Plaintiff has put her emotional state at issue and, therefore, has waived the privilege.

Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 228, (D.Mass. 1997).

Applying the above-stated principles, the Court recognized that Plaintiff tacitly waived her privilege over the treating psychiatrist records when she filed her complaint seeking redress for emotional damages. (Docket # 64). However, the Court manifested its intention to guard Plaintiff from any discovery abuses by preventing a fishing expedition into her psychiatric records and by foreclosing the abusive use of the psychiatric records at trial. (Id.).

After the Court's order compelling discovery, on September 2, 1999, plaintiff's attorney filed a "Motion Requesting a Protective Order and Examination in Chambers." (Docket # 68). Attached to Plaintiff's motion was a letter signed by Dr. Luis A. Sánchez-Rafucci, whereby he stated that: "In [Plaintiff's] treatment record, there are specific items which are . . . very delicate and private to my patient. These occurred several years before the events related to the present case and have no bearing whatsoever as to the legal interests of the defendants or the plaintiff . . . . However, giving access to this information beyond the patient-therapist relationship will cause irreparable damage in the private life of Ms. García." (Docket # 68, Ex. 1). The doctor requested an ex-parte conference with the Judge to show the Court the content of the record over which Plaintiff maintained her claim of privilege. The Court, considering this motion as a request for reconsideration of its prior order compelling discovery, denied Plaintiff's request for an ex-parte conference. (Docket # 84).

Accordingly, Dr. Sánchez-Rafucci attended to his deposition, except that he brought an incomplete record, with deleted sections which he himself covered up from the record.

Civil No. 97-1313(SEC)                                                                      4

II.   **Legal Analysis**

Plaintiff's psychiatric record is covered by Fed.R.Evid. 501[2] and Jaffee v. Redmond, 116 S.Ct. 1923; 518 U.S. 1 (1996). In Jaffee, the Supreme Court recognized the confidentiality required by successful psychotherapy as privileged. 116 S.Ct. at 1931 ("[W]e hold that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.") However, the court noted that "[l]ike other testimonial privileges, the patient may of course waive the protection." Jaffee, 116 S.Ct. at 1931 n. 14. The specific contours of the privilege were left to be determined by the lower courts on a case-by-case analysis. Id. at 1932.

Most courts which have considered the issue have found that a plaintiff who asserts a mental damage claim puts his/her emotional condition at issue, so as to waive the privilege over psychiatric records. See Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (finding that claims alleging emotional distress put plaintiff's emotional state at issue and result in an implied waiver of the privilege of psychiatric-patient communications.), and cases cited therein; see also Rankin v. Liberty Mut. Ins. Co., 50 F.3d 1 (1st Cir. 1995) (finding that plaintiff waived the privilege when she "alleged that defendant's discrimination and intentional torts had caused her permanent psychological injury which had disabled her from all employment."); Maynard v. City of San Jose, 37 F.3d 1396, 1401-2

---

[2] Fed.R.Evid. 501 provides that:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. . . .

**Civil No. 97-1313(SEC)**                                                                                              5

(9th Cir. 1994) (finding waiver when plaintiff claimed damages of emotional distress and severe depression); But see In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation, No. CIV.A. 00-20059, MDL 1203, 2000 WL 1781959, at *1 (E.D.Pa. Nov. 7, 2000) ("Plaintiff has not waived her psychotherapist-patient privilege simply by seeking damages for mental pain and anguish.... Thus, Plaintiff's claim for damages for mental injury does not waive her right to preclude disclosure of her records."); Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 230, (D.Mass 1997) ("[S]o long as Plaintiff does not call as a witness a person who has provided her with psychotherapy, and does not introduce into evidence the substance of any communication with such a person, the communication between her and her psychotherapist is privileged.").

However, even in the face of a waiver, the Court must guard against fishing expeditions which are not relevant to Plaintiff's claims and to which she may not have waived the privilege. "In allowing defendants to inquire into plaintiffs' medical and psychiatric records, however, it must be emphasized that defendants may not engage in a fishing expedition by inquiring into matters totally irrelevant to the issue of plaintiffs' physical state at the time of the test at issue or plaintiffs' emotional distress. Defendants will therefore restrict their inquiry to these areas." Lanning v. Southeastern Pennsylvania Transp. Authority (SEPTA), No. CIV.A. 97-1161, 1997 WL 597905, at *2 (E.D. Pa. Sept. 17, 1997), see also Bottomly v. Leucadia National, 163 F.R.D. 617, 619 (D. Ut. 1995) ("Although, plaintiff, by putting her psychological and emotional condition in issue waives privacy claims as to those matters which are related to causation and damages as to her claim, plaintiff does not waive privacy interests on matters that are unrelated to the case or not calculated to lead to admissible evidence.") Therefore, "information about plaintiff's psychological circumstance or history, [which] would not be reasonably likely to lead to admissible evidence and

**Civil No. 97-1313(SEC)**                                                                 6

[to which] there was no justification for ordering discovery . . . " is not discoverable under Fed.R.Civ.P. 26(b)(1)[3]. Bottomly v. Leucadia National, 163 F.R.D. at 619.

In the above-captioned case, the Court rules that the deleted sections of Plaintiff's psychiatric record are not discoverable. First, the sections deleted are too remote in time to have a bearing upon the nature and extent of Plaintiff's claims for damages. In particular, the events critical to Plaintiff's complaint occurred from 1994 to 1996, whereas the deleted sections of Plaintiff's psychiatric record range from 1988 to1991.

Second, the deleted sections and even the whole of Plaintiff's sessions at the time were devoted to marital problems that Plaintiff was encountering with her husband, at a time when she was not even an employee at Frito Lay Snacks Caribbean, Inc., and for some time thereafter. The nature and content of the deleted sections of Plaintiff's psychiatric record are privileged, completely unrelated to the facts of this case, or to the issue of Plaintiff's claims for damages, and may cause damage to third parties.

Third, the information deleted does not add any relevant evidence to the material already ascertainable from the record during the period of 1988-91, mainly that Plaintiff was having marital problems, unrelated to work, and unrelated to Frito Lay Snacks Caribbean, Inc. Accordingly, Defendant's motions to show cause, for contempt, and for discovery sanctions, **(Dockets ## 97, 102), are DENIED.**

**SO ORDERED.**

---

[3] Fed.R.Civ.P. 26(b)(1) provides that the scope of discovery in civil cases is extended to "any matter, not privileged, which is relevant to the subject matter involved in the pending action."

**Civil No. 97-1313(SEC)**                                                                                          7

In San Juan, Puerto Rico, this ___15___ day of February, 2001.

                                                  SALVADOR E. CASELLAS
                                                  United States District Judge

AO 72A
(Rev.8/82)